# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATTHEW LEO RUESING | § | CASE NO. 17-60454 |
| MEMORI MILLER RUESING | § | |
| SSN: xxx-xx-5756/xxx-xx-6708 | § | |
| 214 East Commerce St. | § | CHAPTER 13 |
| Gladewater, Texas 75647 | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## APPLICATION TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY UNDER B.R. 9019, LBR 9019 AND APPLICATION FOR COMPENSATION FOR SPECIAL COUNSEL WILLIAM S. HOMMEL, JR. OF THE HOMMEL LAW FIRM

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BILL PARKER, UNITED STATES BANKRUPTCY
COURT CHIEF JUDGE:

1.      Now comes Gordon Mosley, attorney for the Debtor, Matthew Ruesing, to file his Application to Approve Settlement and Compromise Controversy pursuant to Fed. R. Bank. P. 9019 and Application for Compensation (collectively the "Motion") for Special Counsel William S. Hommel (The Hommel Law Firm) of Tyler, Texas, pertaining thereto, and based

1

upon the approved Contingent Fee Contract, and respectfully represents as follows:

2.	On June 16, 2017 (the "Petition Date"), Debtor, together with joint-debtor Memori Ruesing, filed their voluntary petition for relief under chapter 13 of the United States Bankruptcy Code. This Court has jurisdiction over the bankruptcy case and this Application pursuant to 28 U.S.C. § 1334. This Application represents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.	A portion of the exempt assets of the Debtors' estate consists of a pre-petition claim for damages resulting from Debtor's unlawful termination from his employment with the City of Longview, Texas ("the claim"). Debtor claimed it exempt on her amended schedule C, pursuant to Texas Property Code § 42.001(b)(1) (dkt #38). There were no objections filed to the debtors' amended claim of exemptions.

4.	Due to the efforts of the appointed Special Counsel, a compromise settlement agreement for the Claim has been offered to the Debtor, which settlement provides for the resolution of the Claim in a gross settlement amount of $ 22,000.00, subject to the deductions and holdbacks for certain fees, expenses, and costs under the terms of the settlement including: $8,099.06 in attorney's fees, $400.94 in expenses, and $13,500.00 net to debtor.

5.	Pursuant to Rule 9019(a), the Court may approve a compromise or settlement based upon the probability of success in litigating the controversies involved, with due consideration for the uncertainties in fact and law, the complexity and likely duration of the litigation and any related expenses, inconvenience and delay; the difficulties, if any, to be encountered in collecting on any judgment that might be obtained, and the paramount interest of creditors and the estate. In re Cajun Electric Power Coop., Inc., 355 F.3d 349, 355-356 (5th Cir. 1997); Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v Anderson, 390

U.S. 424-425, <u>Connecticut General Life Ins., Co. v. United Cos. Fin. Corp.</u> 68 F.3d 914, 917 (5th Cir. 1994). The standard seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement. The application of these standards to the compromise and settlement proposed herein provide a basis for approval. The primary goal of the relief sought herein is an effective settlement of existing, unliquidated assets of the debtors' estate. This relief is obtained in the proposed settlement. If further litigation was pursued by Debtor's special counsel(s), it is unlikely that a greater recovery could be achieved after all administrative fees and costs were assessed. Counsel submits that the subject settlement obtains for the estate greater relief than that which could be obtained by other liquidation measures.

6.      In addition, Counsel for the Debtors requests for the approval of the total contingency fees and litigation expenses as set forth in the attached Exhibit for Special Counsel. By Application to this Court dated September 6, 2018 (dkt #39), Debtor requested to employ Mr. William S. Hommel for the special purpose of representing him with regard to the Claim. By Order dated September 29, 2018, the employment of Debtor's special purpose counsel(s) was approved by this Court (dkt #40).

7.      Pursuant to 11 U.S.C. § 330, Fed. R. Bankr. R. P. 2016 and LRBP 9004(c)(4), Debtor's Counsel submits this Application seeking compensation and reimbursement of expenses to Applicant.

8.      To support its application, Special Counsel(s) would demonstrate the factors to be considered in awarding compensation to professionals for services performed on behalf of the Debtors' bankruptcy estate, as enumerated in the United States Bankruptcy Code and developed in case law, support the request for compensation and fees incurred in this case. 11

U.S.C. §330(a)(1)(A) provides that an allowance of reasonable compensation for the actual necessary services rendered by a professional person or attorney and (B) for the reimbursement for actual, necessary expenses. The *amount reasonable compensation* is analyzed as to the services being *necessary* at the time the services were rendered

9. An individual debtor in a Chapter 13 case receives additional consideration under 11 USC § 330(4)(B), as the Court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with her bankruptcy case based on the a consideration of the benefit and necessity of such services to the debtor and other factors set forth in the statute. This section of § 330, operates as an exception to the general rule that professional's services are compensable only to the extent that they benefit the estate.  As analyzed below, Counsel believes that the elements governing awards of compensation justify the allowance prayed for herein.  There are twelve (12) factors known as the *Johnson* Factors first articulated by the Fifth Circuit in *Johnson v  Georgia Highway Express, Inc.*  488 F.2d 714 (5th Cir. 1974). A discussion and analysis of the Johnson Factors and the statutory requirements of 11 USC § 330(a)(3) as they apply to the Applicant are as follows:

(a) **TIME SPENT ON THE SERVICES**

Applicant has rendered a substantial amount of time as attorney in this case investigating, conducting discovery, and negotiating settlement in this case.

(b) **NOVELTY AND DIFFICULTY OF THE QUESTIONS PRESENTED:** William S. Hommel was retained by the debtor to represent his interests in view of the complexity of this case and the nature of his employment discrimination.

(c) **SKILLS REQUIRED TO PERFORM THE SERVICES PROPERLY:**

A high degree of skill was required in the rendering of services in this case. The paramount

4

factor that the Court should consider in applying this standard is whether the services rendered by the Applicant were beneficial to the estate. Applicants respectfully maintains that their services were beneficial and necessary for the benefit of the estate.

**(d) CUSTOMARY FEE:**

The contingency fee percentage charged by Applicant is fair, reasonable, competitive and customary for the degree of skill and expertise required in the performance of the legal services rendered in this case by experienced attorneys and other professionals in the Eastern District of Texas.

**(e) WHETHER THE FEE IS FIXED OR CONTINGENT:**

The fees charged in this case was a contingency fee plus reimbursement of out of pocket expenses. The fee agreement approved a 40% contingency fee of any recovery.

**(f) TIME LIMITATIONS:**

Because of time spent on this matter, Mr. William S. Hommel was not able to pursue other matters representing other clients which would otherwise have been handled.

**(g) AMOUNT INVOLVED:**

The amounts involved in this matter were substantial and of importance as an asset of this estate and resulted in a significant recovery of $ 22,000.00.

**(h) UNDESIRABILITY OF CASE**

William S. Hommel employment in connection with this case was not desirable due to the necessary delay in receipt of compensation inherent in matters of this nature. The delay and uncertainty of payment make the representation of Chapter 13 debtors in general less attractive than other legal matters of like significance.

**(i) AWARDS IN SIMILAR CASE:**

Applicant asserts that the compensation sought with the services rendered in this case is not excessive and is reasonable and commensurate with the compensation awarded to attorneys in similar cases.

**(j) EXPERIENCE, REPUTATION AND ABILITY OF COUNSEL:**

The professional who provided services on behalf of the Debtors (and the estate) were attorneys whose practice centers on personal injury trial law, who have substantial experience and expertise in this area.

Section 330(a)(3) has six relevant factors for the Court to consider in making a reasonableness determination which have some overlap with the previous discussed *Johnson Factors*. Two factors that in addition to those:

- "Whether the professional person is board certified or otherwise has demonstrated skill and experience ….." Attorney William S. Hommel is board certified in: Personal Injury Trial Law, Civil Trial Law, and Labor and Employment Law, by the Texas Board of Legal Specialization.
- Reasonableness of compensation based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. The contingency fee agreement between Special Counsel and the debtor are customary for personal injury cases, and provide a debtor in bankruptcy the experienced and competent counsel she might not otherwise obtain.

**WHEREFORE**, Counsel for Debtor prays for an Order of this Court approving the Compromise Settlement Agreement and Release; and for such other and further relief as is just.

Date: January 10, 2019.

                                Respectfully Submitted,

**/s/ Gordon Mosley**
Gordon Mosley
SBN: 00791311
4411 Old Bullard Rd., Ste. 700
Tyler, Texas 75703
(903) 534-5396; (903) 581-4038 fax
**Attorney for the Debtor**

Approved as to Form and Content:

**/s/ William S. Hommel**
William S. Hommel
SBN: 00993425
The Hommel Law Firm
1404 Rice Rd., Ste. 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 fax
**Attorney for Plaintiff**
**Mathew Leo Ruesing**